UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARTEZ MOODY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:22-cv-00554-SEP |
| ) | |
| FEDERAL BUREAU OF ) | |
| INVESTIGATION, ) | |
| ST. LOUIS FIELD OFFICE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is *pro se* Plaintiff Martez Moody's motion for leave to proceed *in forma pauperis*, Doc. 2, and motion for appointment of counsel, Doc. 3. Having considered the motion and financial information provided therein, the Court finds that Plaintiff is financially unable to pay any portion of the filing fee. As a result, Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Additionally, having reviewed Plaintiff's allegations, the Complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), and the motion for appointment of counsel is denied as moot.

### LEGAL STANDARD ON INITIAL REVIEW

The Court is required to review a complaint filed *in forma pauperis*, and to dismiss if it is frivolous or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* A court should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, but it can properly dismiss such an action if the allegations in the complaint are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke,* 490 U.S. 319). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*

The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v.*

*Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation"). When reviewing a *pro se* complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "Liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

### THE COMPLAINT

The Complaint is construed as arising under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 389 (1971). Plaintiff asserts that he is bringing claims against the Federal Bureau of Investigation (FBI) St. Louis Field Office, as well as the FBI National Headquarters, for "conspiracy against rights," negligence, breach of contract, and abuse of sovereign immunity.[1]

In his "Claim for Relief," Plaintiff asserts that the FBI St. Louis Field Office, as well as the FBI National Headquarters, gave highly classified federal equipment to his family members, as well as others he refers to as a "Civilian Surveillance Group," tasked with assisting the FBI in surveilling him. He alleges that it was done without proper authorization; that the surveillance equipment given to the Civilian Surveillance Group by the FBI controls his phone, laptop computer, satellite, and Wi-Fi-enabled television remotely; that "[r]emote control of these digital devices allowed them to log laptop keystrokes, steal login credentials, payment information, photos, videos, intercept sent or received messages, eavesdrop on calls and record conversations"; that those intercepts were often disguised as malware by the Civilian Surveillance Group and assisted by the FBI; and the FBI would often use "top secret equipment" to harass him, monitor him, and utilize voice control features on his devices to call him derogatory names. Plaintiff alleges that the "harassment" has gone on for eight years.

---

[1] Plaintiff attempts to sue defendants under criminal statutes, customs statutes, the Age Discrimination in Employment Act, and national security provisions. These statutes are not applicable to this civil action. *See, e.g.,* 18 U.S.C. § 241; 19 U.S.C. § 1592; 42 U.S.C. § 6503; and 28 U.S.C. § 1605.

Plaintiff states that he suffers from generalized phobia disorder, anxiety, attention deficit disorder and major recurring depressive disorder. He alleges that Defendants accessed his private medical records and shared them with his family members and friends, who had security clearances, and showed them how to use the security equipment so that they could harass Plaintiff and sabotage his chances for employment. He claims that, because of that behavior over the last eight years, he has only been employed one time, for a six-week period.

Plaintiff states that he has sent "cease and desist" letters to both the FBI and the National Security Agency, but that the harassment continues, despite the two case officers who began the harassment having retired from their positions.

## DISCUSSION

Having reviewed and liberally construed the Complaint, the Court can discern no plausible claim for relief. While the Court liberally construes *pro se* filings, it cannot construct claims or assume facts that Plaintiff has not alleged. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). Additionally, Plaintiff's allegations do not appear to be grounded in reality, and in fact "rise to the level of the irrational or wholly incredible." *Denton*, 504 U.S. at 33.[2] The Court therefore finds that Plaintiff's allegations are clearly baseless as defined in *Denton*, and the Complaint must be dismissed as frivolous.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the Complaint is legally frivolous under *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). *See* 28 U.S.C. § 1915(e)(2)(B).

---

[2] This is the fourth case Plaintiff has filed in this Court against the FBI with similar allegations. *See Moody v. Federal Bureau of Investigation St. Louis Office*, No. 4:16-CV-325 RLW (E.D. Mo) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous); *Moody v. Federal Bureau of Investigation*, No. 4:16-CV-427 CDP (E.D. Mo) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as duplicative of prior case); *Moody v. St. Louis Division of the Federal Bureau of Investigation*, No. 4:17-CV-2528 JMB (E.D. Mo.) (dismissed without prejudice for failure to comply with a Court Order pursuant to Fed.R.Civ.P.41(b)).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. 3) is **DENIED** as moot.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 26th day of May, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE